UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HENRY VARTANIAN,

      Petitioner,                                       CIVIL ACTION NO. 2:12-cv-12030

v.                                              HON. GERALD E. ROSEN

WILLIAM SCHUETTE,

      Respondent,

_____/

**OPINION AND ORDER DENYING PETITION FOR A
WRIT OF HABEAS CORPUS AS MOOT, DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION FOR AN
APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Pending before the Court is a 28 U.S.C. § 2254 action filed by Michigan prisoner Robert

Henry Vartanian (Petitioner). Petitioner filed his habeas action, through counsel, on May 6, 2012,

challenging his conviction for felony firearm, which occurred in the Circuit Court in Wayne County,

Michigan, following a jury trial on February 14, 2008. He was sentenced, on February 6, 2009, to

a mandatory two-year prison term for that conviction. Both state appellate courts affirmed his

conviction and sentence. *People v. Vartanian*, No. 291112, 2010 WL 2541068 (Mich. Ct. App. June

24, 2010); *People v. Vartanian*, 488 Mich. 873, 788 N.W.2d 455 (2010). The Michigan Supreme

Court also denied Petitioner's motion for reconsideration. *People v. Vartanian*, 488 Mich. 1042,

794 N.W.2d 35 (2011). Pursuant to the Michigan Department of Corrections's Offender Tracking

Information System (OTIS), Petitioner completed his sentence and was discharged from state

custody on January 31, 2011. See MI Dep't of Corr.'s Offender Tracking Info. Sys. (OTIS).[1]

---

[1]This Court is permitted to take judicial notice of the information contained on OTIS.
*Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

Because Petitioner was not in custody when he filed the pending habeas petition, the Court will deny his petition as moot. The Court also will decline to issue him a certificate of appealability and will deny him permission for an application for leave to proceed on appeal *in forma pauperis*.

I.

The purpose of the habeas-corpus statute is to provide relief for persons who are detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is limited to persons that are "in custody." *Id.* A petitioner must be "in custody" pursuant to a conviction at the time the habeas petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)); *see also* 28 U.S.C. § 2254(a) (same). However, when a petitioner is released during the pendency of his case, the court is not divested of jurisdiction as long as he or she was "in custody" at the time the petition was filed. *Carafas*, 391 U.S. at 238.

At the time Petitioner instituted this action, on May 6, 2012, he had already served his two-year sentence and was released from custody. Petitioner fails to satisfy the "in custody" requirement because he was no longer confined in prison when he filed this action. He filed his petition almost sixteen months after the sentence for his conviction expired. An individual cannot be "in custody" for a conviction if the sentence for that conviction has expired. *Maleng*, 490 U.S. at 491-92.

Under *Maleng*, the mere fact that Petitioner may face collateral consequences from his conviction, such as the possibility in a future conviction of a sentencing enhancement as a habitual offender, does not render him "in custody" under that conviction. Because Petitioner's sentence has been completed and he has been discharged from custody, any injury that he suffered cannot be redressed by a favorable judicial decision from this Court. His claims have been rendered moot and

2

the Court lacks jurisdiction to address them.  Consequently, the petition must be dismissed for lack

of jurisdiction.

## II.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.

See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only

if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  Here, the Court will decline to issue Petitioner a certificate of appealability because

his request for habeas relief is now moot and the Court concludes that jurists of reason would not

debate its decision.  The Court further concludes that Petitioner should not be granted permission

for an application for leave to proceed on appeal *in forma pauperis*, as any appeal would be

frivolous and cannot be taken in good faith.  See Fed. R. App. P. 24(a).

## III.

Accordingly, IT IS ORDERED that the Court DENIES the petition for a writ of habeas

corpus [ECF No. 1] as moot.

IT IS FURTHER ORDERED that the Court DECLINES to issue Petitioner a certificate of

appealability and DENIES him permission for an application for leave to proceed on appeal *in forma*

*pauperis*.

SO ORDERED.


Dated:  November 21, 2012              S/Gerald E. Rosen
                                       Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon parties or counsel of record
on November 21, 2012, by electronic and/or ordinary mail.

                                       S/Julie Owens
                                       Case Manager

3